993 F.2d 1530
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Rafael RAMOS-SERRANO, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 92-2308.
 United States Court of Appeals,
First Circuit.
 June 1, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for appellant.
 Daniel F. Lopez-Romo, United States Attorney, Jose Vazquez Garcia, Assistant United States Attorney, and Jessie M. Klyce, Assistant Regional Counsel, Region I, Department of Health and Human Services, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 We have reviewed the parties' briefs and the record on appeal. We affirm the judgment of the district court, dated October 1, 1992, essentially for the reasons stated in the magistrate judge's report and recommendation, dated July 28, 1992.
 
 
 2
 We need add only the following comments. Contrary to the claimant's contention, the administrative law judge (ALJ) did not fail to address the residual functional capacity (RFC) report of Dr. Castrodad, dated October 30, 1985. At the hearing on May 8, 1990, the ALJ pointed out that it was contradicted by the testimony of the medical advisor (MA). Furthermore, for the most part, that RFC appears based on the subjective complaints of the claimant, as Dr. Castrodad's own examination found only "tenderness along paravertebral muscles" and, as to inability to do work, Dr. Castrodad's only comment was that the claimant not do any work requiring the handling of food. The RFC report of Dr. Cestero, dated May 22, 1987, (well beyond the expiration of the claimant's insured status, we add) was also properly rejected by ALJ as based solely on claimant's own report of his history. Dr. Cestero, herself, reported that her examination of claimant, as well as the x-rays, were negative.
 
 
 3
 We also conclude that, even if as claimant contends, he had recurring dizzy spells, the ALJ could properly rely on the MA's determination that they were not of a disabling severity.
 
 
 4
 Affirmed.